UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTIS LEE RODGERS, | No. 2:15-cv-1169 KJN P |
| Plaintiff, | |
| v. | ORDER |
| SOLANO COUNTY COURTS, et al., | |
| Defendants. | |

Plaintiff is a county inmate, proceeding without counsel. Plaintiff is incarcerated at Solano County Jail in Fairfield, California. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff consented to the jurisdiction of the undersigned in this matter pursuant to 28 U.S.C. § 636(c). (ECF No. 4.)

For the reasons set forth below, the undersigned orders this case transferred to the U.S. District Court for the Southern District of Ohio.

I. Background

   A. The Prior Action

On September 6, 2013, plaintiff, then an inmate at California Substance Abuse Treatment Facility in Corcoran, California, filed a complaint under Section 1983 in the Central District of

California.[1] See Rodgers v. Ohio, No. 2:13-cv-6532-UA-AGR (C.D. Cal.) ("Prior Action"). Plaintiff alleged that his Constitutional rights were being violated by the State of Ohio, which had issued an arrest warrant, dated July 12, 2013, seeking to extradite plaintiff from California to Ohio for allegedly violating parole conditions established in December 1992. (Id., ECF No. 6.) In the interim, plaintiff had been transferred to Arizona to serve a prison term in that state; upon his release, plaintiff then moved to California, where he was subsequently arrested in 2001 on new charges and ultimately sentenced to California state prison. In his complaint in the Prior Action, plaintiff named as defendants the State of Ohio, the Ohio Parole Board, the Ohio Department of Rehabilitation and Correction, Sara Andrew (Chief of Ohio Adult Parole Authority), and Stu Sherman (Acting Warden of California Substance Abuse Treatment Facility).

On November 5, 2013, the Prior Action was transferred to the Eastern District of California, Fresno Division. See Rodgers v. Ohio, No. 1:13-cv-1802-GSA (E.D. Cal.). On May 5, 2014, plaintiff moved to transfer the Prior Action to a U.S. District Court in Ohio. (Id., ECF No. 23.) On May 8, 2014, Magistrate Judge Gary S. Austin granted plaintiff's motion and ordered the Prior Action transferred to the Southern District of Ohio. (Id., ECF No. 24, 2014 WL 2004361.)

On May 15, 2014, the Prior Action was transferred to the Southern District of Ohio, Columbus Division. See Rodgers v. Ohio, No. 2:14-cv-00453-GLF-NMK (S.D. Ohio). On May 21, 2014, Magistrate Judge Norah M. King filed a report and recommendations which recommended (i) dismissal of petitioner's claims under Section 1983, and (ii) that plaintiff be granted leave to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Id., ECF No. 27, 2014 WL 7005130.) On June 24, 2014, Judge Gregory L. Frost adopted the report and recommendations. (Id., ECF No. 38.) Plaintiff then filed a petition for writ of habeas corpus (id., ECF No. 32), which respondents moved to dismiss. (Id., ECF No. 54.)

On December 10, 2014, Magistrate Judge King filed a report and recommendations recommending dismissal of plaintiff's habeas petition. (Id., ECF No. 73, 2014 WL 7005130.)

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

She wrote therein:

> The record fails to support Petitioner's claim that his parole in Ohio expired prior to the issuance of the parole violator warrant. Under Ohio law, a parolee remains in the custody of the Ohio Department of Rehabilitation and Correction until the Ohio Adult Parole Authority grants the parolee "a final release." O.R.C. § 2967.02(C), (D). There is no evidence that Petitioner has ever been granted a final release from parole by Ohio. In any event, the Ohio parole board is not required to pursue parole revocation proceedings while Petitioner remains in the custody of California pursuant to a new criminal conviction. Federal law requires only that a parole revocation hearing be held within a reasonable time after the state has secured custody of the parolee by executing the detainer and returning the parolee to the institution from which he was paroled. In Moody v. Daggett, 429 U.S. 78 (1976), the United States Supreme Court held that there is no constitutional duty to provide a parolee an adversary parole revocation hearing until he is taken into custody as a parole violator by execution of the warrant . . . . In short, until Ohio's parole violator warrant is executed, Petitioner's constitutional right to a hearing has not vested. To the extent that Petitioner may intend to allege a violation of Ohio law, any such claim cannot form the basis for federal habeas corpus review.

Id. (internal citations omitted).

In an order dated January 15, 2015 adopting Magistrate Judge King's report and recommendations, District Judge Gregory L. Frost added:

> To the extent that petitioner intends to assert a violation of state law or argue that the State of Ohio is estopped, by the passage of time, from pursuing its detainer, petitioner remains free to do so in connection with state parole revocation proceedings, whenever those proceedings are instituted.

(Id., ECF No. 85, 2015 WL 196431.)

Plaintiff appealed Judge Frost's ruling to the United States Court of Appeals for the Sixth Circuit. The appeal is currently pending. See Rodgers v. Ohio, No. 15-3108 (6th Cir.)

B. The Present Action

On May 29, 2015, plaintiff initiated the instant action by filing a complaint, together with a motion for a temporary restraining order. ("First TRO Motion," ECF No. 1.) Plaintiff therein again challenges the warrant issued by the State of Ohio and his potential extradition to that state. It appears that plaintiff is now housed at the Solano County Jail in Fairfield, California pursuant to the execution of that warrant. Plaintiff names as defendants the Solano County Superior Court, Solano County Deputy District Attorney Jackson K. Harris, Ohio Adult Parole Authority Case

3

1  Analyst Eric Griffith, and Ohio Adult Parole Authority Chief Sara Jackson (the latter a defendant
2  in the Prior Action).  Plaintiff seeks an order preventing his extradition to Ohio and quashing the
3  warrant issued by Ohio.
4        On June 15, 2015, plaintiff filed a second motion for a temporary restraining order,
5  seeking a 90-day-long stay of his extradition to Ohio.  ("Second TRO Motion," ECF No. 5.)
6  Plaintiff has attached additional documents as exhibits to the Second TRO Motion that were not
7  included with the First TRO Motion.
8        Plaintiff's argument in the First and Second TRO Motions appears to run as follows.  On
9  or about December 2, 1992, plaintiff was released by the Ohio Department of Rehabilitation and
10  Correction into the custody of the Maricopa County (Arizona) Sheriff's Department.  (ECF No. 1
11  at 12; ECF No. 5 at 10.)  The letter documenting this transfer directed plaintiff to notify the Ohio
12  Adult Parole Authority prior to his release from confinement in Arizona, and indicated that
13  plaintiff would be placed on parole supervision for a minimum of two years following his release.
14  (ECF No. 1 at 12.)  At some unspecified date, plaintiff was released from prison in Arizona.  On
15  August 30, 2001, plaintiff was jailed in Riverside County, California, and on July 30, 2003,
16  sentenced to 16 years in California state prison, less time served.  (ECF No. 1 at 23.)  Plaintiff
17  denies that he remains subject to the authority of the Ohio Adult Parole Authority.  (ECF No. 1 at
18  4-5.)  He claims that his parole was "deactivated" in November 1992, and that he therefore cannot
19  have violated its terms.  (ECF No. 5 at 3.)  Plaintiff also contends that he cannot be charged with
20  having violated the alleged terms of parole in Ohio while he was incarcerated in California.  (ECF
21  No. 5 at 2-3.)  He also states that he was misinformed as to the conditions of his parole when he
22  was released from Arizona state prison.  (ECF No. 5 at 5.)  Finally, plaintiff highlights various
23  alleged deficiencies in the July 12, 2013 Ohio warrant, such as omitted dates, and argues that
24  these deficiencies render the warrant invalid.  (ECF No. 1 at 6-7; ECF No. 5 at 1-2.)
25  II. Analysis
26      A. Is this case properly brought as a civil rights action?
27        It appears to the court that the proper route for plaintiff to challenge the Ohio warrant (and
28  his consequent detention in the Solano County Jail and possible extradition) is through a petition

4

for writ of habeas corpus, likely pursuant to 28 U.S.C. § 2241, rather than a civil rights lawsuit, pursuant to 42 U.S.C. § 1983.

A civil rights action is the proper mechanism for a prisoner seeking to challenge the conditions of his or her confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). By contrast, habeas corpus proceedings are the proper mechanism for a prisoner seeking to challenge the fact or duration of his or her confinement. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Here, plaintiff is challenging the validity of a warrant issued by, and his pending extradition to, the State of Ohio. The court infers that plaintiff is being held in Solano County Jail pursuant to this warrant. It appears that for plaintiff to succeed in this action, he would have to demonstrate the invalidity of the underlying warrant, which would result in his release from jail. It follows that plaintiff's sole remedy in federal court is a petition for writ of habeas corpus. See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.") (emphasis in original); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (a state prisoner may not recover damages under § 1983 for allegedly unconstitutional imprisonment, or for any other harm caused by "actions whose unlawfulness would render the imprisonment invalid," unless he can prove that the conviction or other basis for confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus). See also King v. Brown, 8 F.3d 1403, 1409 (9th Cir. 1993) (U.S. Court of Appeals has habeas jurisdiction over a petitioner's claim that his prosecution was barred in state court by the Interstate Agreement on Detainers because of Congressional approval of the compact); Scott v. Director of Corrs., No. C02-3507CRB(PR), 2002 WL 1767415 at *1 (N.D. Cal. July 29, 2002) (dismissing without prejudice to the proper filing of a petition for writ of habeas corpus plaintiff's civil rights complaint alleging that his extradition from Ohio to California was illegal); Floyd v. CDCR, No. 11-cv-0834-DAD, 2011 WL 1345028, at *2 (E.D.

5

Cal. Apr. 8, 2011) (dismissing plaintiff's civil rights action challenging her extradition from New Mexico to California without prejudice to her filing of a habeas action); <u>Tunstall v. CDCR Extradition Unit</u>, No. 11-cv-1730-WBS-DAD, 2012 WL 893911 at *2 (E.D. Cal. Mar. 15, 2012) (dismissing plaintiff's civil rights action challenging his extradition from Louisiana to California without prejudice to his filing of a habeas action).

The dismissal of plaintiff's prior habeas petition by the U.S. District Court for the Southern District of Ohio does not necessarily bar a subsequent petition as second or successive. Under longstanding Supreme Court precedent:

> Controlling weight may be given to denial of a prior application for federal habeas corpus or § 2255 relief only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application.

<u>Sanders v. U.S.</u>, 373 U.S. 1, 15 (1963). It is unclear whether, in ruling on a motion to dismiss, the Ohio district court reached the merits of plaintiff's petition in the Prior Action.

B. <u>Does the proper venue for this action lie in the Eastern District of California?</u>

Based on the foregoing, it would seem that the proper route for plaintiff to challenge his detention is via a writ of habeas corpus under 28 U.S.C. § 2241. As the Ninth Circuit has recognized:

> The general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment—for example, a defendant in pre-trial detention **or awaiting extradition**. In these situations, not covered by the limitations in § 2254, the general grant of habeas authority provided by the Constitution and § 2241 will provide jurisdiction for state prisoners' habeas claims.

<u>White v. Lambert</u>, 370 F.3d 1002, 1006 (9th Cir. 2004) (emphasis added), <u>overruled on other grounds by</u> <u>Hayward v. Marshall</u>, 603 F.3d 546 (9th Cir. 2010).

That conclusion, in turn, would appear to compel transfer of this action to the U.S. District Court for the Southern District of Ohio. Title 28 U.S.C. § 2241(c)(3) provides: "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." It is a principle of long standing that

"'custody' is a jurisdictional prerequisite to habeas review under § 2241(c)(3)." Wilson v. Belleque, 554 F.3d 816, 821 (9th Cir. 2009) (citing Hensley v. Mun. Court, 411 U.S. 345, 351 (1973)).

The term "custody" is usually interpreted to mean physical custody of the inmate. See, e.g., Powell v. Holder, No. 12-cv-3401-WHA(PR), 2012 WL 4831575 (N.D. Cal. Oct. 10, 2012) (transferring habeas proceedings brought under § 2241 from California to Alabama, where petitioner was detained); Nguyen v. Ashcroft, No. 01-cv-2082-VRW(PR), 2001 WL 678185 (N.D. Cal. Jun. 8, 2001) (transferring habeas proceedings brought under § 2241 from California to Louisiana, where petitioner was detained); In re Hodge, No. 95-cv-4171-FMS, 1995 WL 779106 (N.D. Cal. Dec. 20, 1995) (transferring habeas proceedings brought under § 2241 from California to Oregon, where petitioner was incarcerated).

However, courts have also interpreted the term "custody" to encompass legal custody of an inmate, a definition that has been held to supersede physical custody for purposes of determining venue.

In Fest v. Bartee, 804 F.2d 559 (9th Cir. 1986), the Ninth Circuit considered the case of a prison inmate convicted of rape in a Nebraska state court, but confined in Nevada state prison pursuant to the Interstate Corrections Compact.[2] The inmate sought a writ of habeas corpus regarding a parole denial. He filed his petition in the U.S. District Court for the District of Nevada, but sought to compel action by members of the Nebraska Parole Board and the Nebraska attorney general. After determining that "[t]he Nevada Parole Board is merely a conduit of information for the Nebraska Parole Board, not the principal in this conflict," id. at 560, the appeals court reasoned as follows:

> Nebraska has continued jurisdiction over and constructive custody of Fest. He must bring his claims in that state. A habeas petition can be brought in the court with jurisdiction over the prisoner or his custodian. The physical presence of the prisoner is not necessary for habeas corpus jurisdiction as long as the court has jurisdiction over the person holding the prisoner. [. . .] The appellees are the State of Nebraska and the members of the Nebraska Board of

---

[2] California is also a party to the Interstate Corrections Compact, which is codified at Cal. Penal Code. §§ 11189-98.

7

> Parole. The law and procedures at issue are those of Nebraska. The appellant is more properly considered to be in the custody of Nebraska. The petition should be brought in Nebraska.

Id. at 560 (citing Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973)). In other words, the Ninth Circuit deemed the term "custody" to encompass legal responsibility, rather than physical responsibility, for the inmate. Subsequent district courts to apply Fest have interpreted its holding as follows:

> Fest [yields] the propositions that (a) a habeas petition can be brought in the court with jurisdiction over the prisoner or his custodian, referring broadly to the officer legally responsible for the prisoner's incarceration rather than to his immediate physical custodian; and (b) the physical presence of the prisoner is not necessary for habeas corpus jurisdiction as long as the court has jurisdiction over the person holding the prisoner, once again referring broadly to the officer legally responsible for the custody rather than the immediate custodian.

Gustafson v. Williams, No. No. 2:09–cv–01225–KJD–LRL, 2010 WL 1904518 at *1 (D. Nev. May 10, 2010) (holding that inmate's challenge to his Minnesota judgment of conviction should be heard in the District of Minnesota, rather than the District of Nevada, where he was confined); accord Dixon v. LeGrande, No. 3:13–cv–00150–HDM–VPC, 2013 WL 1413758 (D. Nev. Apr. 4, 2013) (transferring habeas petition of Nevada inmate who challenged his Ohio conviction to the Southern District of Ohio).

In Braden, which the Ninth Circuit relied upon in deciding Fest, the Supreme Court addressed the question of the proper venue for a habeas petition brought by an Alabama inmate challenging Kentucky's failure to bring him to trial on a then three-year-old indictment. Braden, 410 U.S. at 485. To decide the question, the Court "adopt[ed] . . . a more expansive definition of the 'custody' requirement of the habeas statute," to wit, "a petitioner held in one State [may] attack a detainer lodged against him by another State." Id. at 498. Consequently, the Court held that the inmate was in the custody of Kentucky, and therefore, that jurisdiction in the United States District Court for the Western District of Kentucky was proper. Id. at 500.

Braden and its progeny would appear to compel the transfer of this action to the Southern District of Ohio. Crucial to the Supreme Court's holding in Braden was a determination that "the State holding the prisoner in immediate confinement acts as agent for the demanding State, and

8

the custodian State is presumably indifferent to the resolution of the prisoner's attack on the detainer." Id. at 498-99. The situation presented herein is analogous. The Solano County Jail is merely acting as an agent of the State of Ohio in this matter, and is "presumably indifferent" to whether plaintiff has actually violated the terms of his parole in that state.

Per Braden, factors to be considered in determining venue in situations analogous to that presented herein include (1) "where all of the material events took place," (2) where "the records and witnesses pertinent to petitioner's claim are likely to be found," and (3) whether the forum is convenient for both the petitioner and respondent(s). Braden, 410 U.S. at 493-94. A number of subsequent courts have adopted and applied these factors in making venue determinations in habeas cases. See, e.g., Farez-Espinoza v. Chertoff, 600 F. Supp. 2d 488, 495-96 (S.D.N.Y. 2009); Navarro v. Gonzales, No. C05-5107 THE, 2006 WL 954191 (N.D. Cal. Apr. 12, 2006); Henderson v. INS, 157 F.3d 106, 128 n.25 (2nd Cir. 1998).

These factors weigh in favor of transfer of this action to the Southern District of Ohio. The material events at issue – i.e., establishment of the terms on which plaintiff was paroled from Ohio state prison and any termination of that parole – would have taken place in Ohio. By contrast, other than the fact of plaintiff's incarceration in California state prison, none of the material events concerning the ongoing validity of plaintiff's parole took place in the Eastern District of California.

Similarly, the records and witnesses that are relevant to determining (i) the terms of plaintiff's parole from Ohio state prison and (ii) any termination or modification of those terms are also located, if anywhere, in Ohio.

Finally, while the Eastern District of California may be plaintiff's preferred venue for litigating this matter, it appears that Ohio is the forum that is most convenient for the parties. As noted above, the Solano County-based defendants are merely acting as agents for the Ohio authorities in this matter, and as such, these California defendants are not (in the sense, per Braden, considered meaningful by the U.S. Supreme Court) responsible for plaintiff's ongoing detention. The proper respondents, then, in any habeas action are located in Ohio. Moreover, the determination of whether plaintiff is subject to detention as a parole violator is a question of Ohio

9

state law, which an Ohio-based court is in a better position to address than a California court.

While the undersigned sympathizes with plaintiff's anger that, at age 66, he may be facing the prospect of unexpected and continuing incarceration in a distant state, it is evident that the proper venue for challenging the legality of plaintiff's further incarceration lies with the federal district courts in Ohio. For this reason, the court will order this action transferred.

III. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. This court declines to rule on plaintiff's application to proceed in forma pauperis. (ECF No. 2.)
2. This court declines to rule on plaintiff's applications for a temporary restraining order. (ECF Nos. 1, 5.)
3. This matter is transferred to the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C. § 1406(a).

Dated: June 19, 2015

/rodg1169.108c

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

10