**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**OTIS LEE RODGERS,**

       **Plaintiff,**

  **v.**

**SOLANO COUNTY COURTS,** *et al.*,

       **Defendants.**

**Case No. 2:15-cv-2754
Judge Marbley
Magistrate Judge King**

### REPORT and RECOMMENDATION

Plaintiff, who is currently incarcerated in California, brings this civil rights action seeking injunctive relief pursuant to 42 U.S.C. § 1983 in connection with attempts by the State of Ohio to extradite him. Plaintiff has also filed motions for interim injunctive relief. *Motion*, ECF 1; *Motion*, ECF 5.

For the reasons stated in the order transferring this case to this Court, *Order*, ECF No. 6, plaintiff's claims are not properly presented in a civil action under § 1983. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Preiser v. Rodriguez*, 411 U.S.C. 475, 484 (1973). *See also Rodgers v. State of Ohio*, 2:14-cv-453 (S.D. Ohio). If plaintiff wishes to pursue his claims in a petition for a writ of habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, he must file a proper petition.[1]

---

[1] A petition for a writ of habeas corpus must also address the issue of exhaustion. In Ohio, a state court action for a writ of habeas corpus under O.R.C. § 2725.01 *et seq.*, is the appropriate remedy when the claim is that the Ohio Adult Parole Authority lacks jurisdiction over a person. *Brewer v.*

1

It is therefore **RECOMMENDED** that plaintiff's claims under 42 U.S.C. § 1983 be dismissed for lack of subject matter jurisdiction and for failure to state a claim for relief and that plaintiff's motions for interim injunctive relief, *Motion*, ECF 1; *Motion*, ECF 5, be **DENIED**. It is **FURTHER RECOMMENDED** that, should plaintiff decide to pursue in this action a claim for habeas corpus relief under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, he be required to file a petition for a writ of habeas corpus.

The Clerk is **DIRECTED** to provide the proper habeas corpus form petition to plaintiff.

Because the standards governing *in forma pauperis* applications in cases under § 1983 differ significantly from those governing such applications in habeas corpus cases, the Court will defer consideration of plaintiff's motion to proceed *in forma pauperis*, *Motion*, ECF 2, until plaintiff clarifies the basis on which he intends to proceed.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy

---

*Dahlberg*, 942 F.2d 328 (6th Cir. 1991).  Where the claim is that the Ohio Parole Authority has failed to perform an act that it has a clear legal duty to perform, the appropriate remedy is a state court petition for a writ of mandamus under O.R.C. § 2731.01 *et seq*. *Rodgers v. Capots*, 12 F.3d 214 (Table), 1993 WL 483476 (6th Cir. Nov. 232, 2003). *See also Williams v. Perini*, 557 F.2d 1221 (6th Cir. 1977).

2

thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

                                 s/ Norah McCann King
                                 Norah McCann King
                                 United States Magistrate Judge

August 26, 2015